IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COS O. DENHAM**                                                                                   **PLAINTIFF**

vs.                                                                                   **CAUSE No.: 3:24-CV-247-HTW-LGI**

**UNITED STATES GOVERNMENT** and
**INTERNAL REVENUE SERVICES**                                                    **DEFENDANTS**

**ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION**

**BEFORE THIS COURT** is the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac. ECF No. 4. This suit has not yet been served—Magistrate Judge Isaac *sua sponte* evaluated the sufficiency of the complaint while deciding Plaintiff Cos O. Denham's motion for leave to proceed *in form pauperis*. Magistrate Judge Isaac recommends that this suit be dismissed with prejudice for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Denham failed to file a written objection within 14-days of this recommendation,[1] which failure—as Magistrate Judge Isaac warned Denham—will "bar [Denham] from attacking on appeal the proposed factual findings and legal conclusions accepted by [this Court] …, except upon grounds of plain error." ECF No. 4 at 7 (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

Denham, pro se, brings this suit against Defendants "United States Government" and "Internal Revenue Service(s)" ("the IRS"). ECF No. 1 at 1. Denham claims that the IRS redirected

---

[1] Approximately six weeks after Magistrate Judge Isaac entered her honor's Report and Recommendation, Denham filed a document, styled as an "order of relief," which merely recounted his claim and requested he be paid promptly so that he could have "this cash a week before [his] birthday" to help him pay for his supposed attendance of a police academy. ECF No. 5. Then, he requested "discovery." ECF No. 6. Even if these documents were timely, they would not qualify as objections to the Report and Recommendation.

$4,000 he was owed in economic impact (stimulus) payments ("EIPs") to a state agency to pay towards Denham's child support debt. *Id.* at 4. Denham argues that this was a "state debt," and that the IRS's actions comprised "misplaced payments which were not … to be taken." *Id.* Denham claims the IRS "[n]eglected [a] duty of care." *Id.* Denham also seeks $6,000 "to make up for the 4 years of missing payments." *Id.*

Denham pleads that his claim travels under 19 U.S.C. § 1592, the No Fear Act, Respondeat Superior, 5 U.S.C. 2302, and the Whistleblower's Protection Act. *Id.* at 3. As Magistrate Judge Isaac correctly notes, each of these statutes and doctrines is clearly inapplicable to Denham's claims and/or fails to provide Denham a private right of action. *See* ECF No. 4 at 4–5. Magistrate Judge Isaac opines that this deficiency not only renders Denham's claims inactionable, but that it dooms this Court's exercise of federal subject-matter jurisdiction because Denham's claim would not "fall under either of [his cited Federal] statutes, even if the facts were more thoroughly pled." *Id.* at 3. Denham also invokes the language of negligence (a common-law cause of action), based on his references to "misplaced payments" and "[n]eglected duty of care," ECF No. 1 at 4; but, as Magistrate Judge Isaac aptly notes, Denham cannot avail himself of this Court's diversity jurisdiction[2], at least because the amount in controversy is less than $75,000, ECF No. 4 at 3.

Because a "*pro se* complaint is to be construed liberally," this Court considers the factual thrust of Denham's claims to see if a matter of proper jurisdiction lies therein. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted). Denham acknowledges that his putative EIPs

---

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States …." 28 U.S.C. § 1332(a).

would be treated as tax refunds. ECF No. 1 at 4.[3] Statute, thus, requires "that the IRS reduce any refund to a taxpayer 'by the amount of any past-due [child] support,'" and this "offset happens automatically where a state has registered a debt with the Treasury Offset Program." *Weddington v. IRS*, No. CV SAG-23-2338, 2024 WL 3618669, at *2 (D. Md. Aug. 1, 2024) (quoting 26 U.S.C. § 6402(c) and citing *Sorenson v. Sec'y of Treas. of U.S.*, 475 U.S. 851, 856–57 (1986)). An aggrieved "taxpayer must dispute any such registered debt with the holder of the debt, not with the United States." *Id.* By statute, this Court has no "jurisdiction to hear any action, whether legal or equitable, brought to restrain or review [such] a reduction," and no action "brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax." 26 U.S.C. § 6402(g).[4] This Court, thus, agrees with Magistrate Judge Isaac that this Court lacks federal subject-matter jurisdiction to hear Denham's suit.[5]

**IT IS ORDERED** that Magistrate Judge Isaac's Report and Recommendation (ECF No. 4) is **ADOPTED-IN-PART**. This matter is **DISMISSED**, but **WITHOUT PREJUDICE** (because this Court lacks the power to adjudicate and dismiss a claim on its merits over which it lacks jurisdiction). This Court separately will set out its Final Judgment. Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the   12th   day of      August      , 2025.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] *See also Bandy v. Sec'y, United States Dep't of the Treasury*, No. 23-4039, 2024 WL 5278790, at *2 (6th Cir. July 17, 2024), *cert. denied sub nom. Bandy v. Bessent*, No. 24-6502, 2025 WL 951193 (U.S. Mar. 31, 2025).

[4] *See also Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008) ("[T]he United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute").

[5] *See, e.g.*, *Weddington*, 2024 WL 3618669, at *2; *Brandy*, 2024 WL 5278790, at *2; *Prance v. United States*, No. 22-1905, 2023 WL 6799101, at *3 (Fed. Cl. Oct. 13, 2023); *Conklin v. United States Dep't of Treasury*, No. 1:21-CV-00137-SPB, 2022 WL 2835708, at *2 (W.D. Pa. July 7, 2022), *report and recommendation adopted*, 2022 WL 2834250 (W.D. Pa. July 20, 2022).